IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMANTHARAY M. LAKE,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, in her capacity as<br>Acting Commissioner of the Social Security<br>Administration,<br>                    Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-647-JP-BCW<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

District Judge Jill Parrish referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff Samantharay M. Lake, proceeding *pro se* but with the assistance of a non-attorney "personal representative," seeks judicial review of the determination of the Commissioner of the Social Security Administration, which denied her claim for disability insurance benefits and supplemental security income under the Social Security Act ("the Act").[2]

After careful consideration of the written briefs, the administrative record and relevant legal authorities, the Court issues the following Report and Recommendation **RECOMMENDING** that the District Court **AFFIRM** the decision of the Commissioner.

## BACKGROUND

Ms. Lake alleges disability beginning June 1, 2005, when, at the age of fifteen, she was admitted for inpatient treatment for being "acutely suicidal."[3]  She claims disability based on bipolar disorder, depression, ADHD, and insomnia.[4]  Treatment notes showed that she tested

---

[1] Docket no. 13.
[2] Plaintiff is proceeding pro se.  Her opening brief was submitted and signed by Marianne Swenson, Plaintiff's non-attorney, personal representative.  While this is a technical violation of the Federal Rules of Civil Procedure Rule 11(a), the Court will consider the briefing.  Plaintiff, however, did not file a Reply brief.
[3] Administrative Record ("AR") at 333.
[4] AR at 201, 262.

positive for cocaine and marijuana although she is now in remission.[5]  She has a history of self-mutilation, including cutting herself and getting piercings/tattoos.[6]  Ms. Lake has since completed high school and has obtained an associate's degree.[7]  She has past relevant work as a fast food worker, sales clerk, food server, and certified nurse's assistant.[8]  She describes back pain, but also states that she goes to the gym three times per week to walk on the treadmill for forty-five minutes, and states that she can sit for thirty minutes at a time, stand for thirty minutes at a time, and can walk for approximately two hours.[9]

In the ALJ's written decision dated January 24, 2014, the ALJ found at Step One of the required sequential evaluation process[10] that while Plaintiff had some past employment she had not engaged in substantial gainful activity.[11]  At Step Two, the ALJ found Plaintiff had the following severe impairments:  (1) bipolar disorder and (2) attention deficit hyperactivity disorder.  At Step Three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments contained within the regulations.[12]  In making this finding, the ALJ analyzed activities of daily living, social functioning, concentration, persistence and pace.[13]  The ALJ found that Plaintiff could not perform her past relevant work but retained the residual functional capacity (RFC) to perform unskilled work with additional mental limitations.[14]  Specifically, the ALJ determined Ms. Lake could only perform simple, unskilled work, involving no more than

---

[5] AR at 334–335.
[6] AR at 55, 515.
[7] AR at 47.
[8] AR at 47, 62.
[9] AR at 51, 53–54.
[10] See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step sequential evaluation process for determining if a claimant is disabled).
[11] AR at 22.
[12] Id.
[13] AR at 23–24.
[14] AR at 24–29.

one to two step tasks, that she could only have rare contact with the public, and occasional contact with co-workers and supervisors, but no co-workers in close proximity.[15]  Finally, the ALJ found that Plaintiff could perform jobs available in the national economy, and was therefore not disabled under the requirements of the Social Security Act.[16]

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by "substantial evidence" and whether the correct legal standards were applied.[17] If supported by substantial evidence, the findings are conclusive and must be affirmed.[18] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19]  Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[20]  Moreover, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."[21]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[22]  In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[23] However, the reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[24]  Further, the Court "may not 'displace the agenc[y]'s choice between two

---

[15] AR at 24.
[16] AR at 30–31.
[17] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Ruthledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1993).
[18] Richardson v. Perales, 402 U.S. 389, 401 (1981).
[19] Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996).
[20] Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
[21] Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).
[22] Id.
[23] Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).
[24] Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[25]

## DISCUSSION

Ms. Lake makes the following arguments on appeal: first that the ALJ did not "take all facts into consideration," second, that Ms. Lake did not present any witnesses at the ALJ hearing, third, that the ALJ improperly weighted the medical source statement provided by treating source Marilyn Little, A.P.R.N, and finally, that because Ms. Lake is deemed disabled under the DMC, she should be considered disabled under the Social Security Act.[26]

Plaintiff does not point to any evidence or facts that the ALJ ignored or that would have changed the outcome of the case.  Given that no specific argument is made regarding which evidence Plaintiff believes is ignored, the Court finds that the ALJ did take all facts into consideration in deciding this case.

Plaintiff next argues that Ms. Lake did not present any witnesses at the hearing.  In fact, the ALJ hearing was first set to occur on June 18, 2013.  Ms. Lake was present along with a vocational expert and Sandy Medina, Ms. Lake's mother.[27]  At that hearing, Ms. Lake was put on notice that she would be allowed to have witnesses testify.[28]  Ms. Lake chose not to proceed with that hearing so she could find someone to represent her.[29]  Ultimately the ALJ hearing was held on January 8, 2014 where Ms. Lake presented with Marianne Swenson, a non-attorney advocate.[30]  At no point did Ms. Lake or Ms. Swenson seek to put on a witness on Ms. Lake's behalf.[31]

---

[25] Lax, 489 F.3d at 1084 (quoting Zolanski, 372 F.3d at 1200).
[26] Docket no. 15, at 2.
[27] AR at 35.
[28] AR at 36 (notifying mother that she could testify).
[29] AR at 38.
[30] AR at 42.
[31] See AR at 42–65.

Plaintiff argues that had Ms. Lake been able to put on witnesses, they could have "provided pertinent information to the Judge and other members at the hearing. The information provided would have shown the effects of having medication vs NOT having medication. This area alone impacts Samantha's daily life."[32]

The ALJ appears to agree with Plaintiff on this point. The ALJ noted—and the finding is supported by sufficient evidence—that Ms. Lake's symptoms were generally well controlled when she was medication compliant.[33] Ms. Lake herself stressed that her symptoms were at their worst when she was not compliant with her medications.[34] Ms. Lake's own reports of worsening symptoms and diminished functional capacity when not medication compliant is consistent with the medical records. For example, in February 2011, Ms. Lake reported she had been off her medication for about four months, and she described exacerbating symptoms of anger, irritability, interpersonal conflicts, and anxiety.[35] Indeed, she was getting straight As in school when medication compliant, and failed the semester she did not take her medication.[36] However, the ALJ did not deny benefits on the ground that the plaintiff failed to follow prescribed treatment, she denied benefits on the ground that plaintiff's impairments were well managed with treatment, and thus Ms. Lake was not disabled.

Although the record shows that Ms. Lake did not attempt to put on lay witnesses, the Court finds that putting on such witnesses would not have changed the outcome of the hearing because it is the plaintiff's obligation to be compliant with her medications.[37] Additional evidence that Ms. Lake's condition is worsened when she is not medication compliant would not

---

[32] Docket no. 15, at 1.
[33] AR at 27.
[34] AR at 80–90 (using variations of the theme "when not on medication," certain exacerbated symptoms present).
[35] AR at 435–36.
[36] Id.
[37] Weakley v. Heckler, 795 F.2d 64, 66 (10th Cir. 1986) (refusal to be medication compliance must be excuseable); 20 C.F.R. § 404.1530 ("[Y]ou must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

undermine the ALJ's finding that Ms. Lake's "[s]ymptoms can be adequately controlled with medication and her mental functional limitations therefore are not as severe as she alleges."[38] Notably, "[c]redibility determinations are peculiarly the province of the finder of fact…"[39]

Next Plaintiff takes issue with the weight the ALJ gave to treating source Marilyn Little. Plaintiff argues that the medical source statement provided by Marilyn Little, A.P.R.N. was discounted by the ALJ, and should not have been because plaintiff was not aware that Ms. Little was not an actual doctor.  Moreover, Plaintiff states that "Samantha is hoping to get the doctor's diagnosis prior to the next hearing so the Judge will see that Samantha is suffering with her current illnesses."[40]

This argument appears to stem from unfamiliarity with the Act.  An acceptable medical source is a licensed physician, licensed psychologist, licensed optometrist, licensed podiatrist, or a qualified speech-language pathologist.[41]  However, even though Ms. Little was not an acceptable medical source as defined by the regulations, the ALJ still evaluated her opinion and gave it "some weight because it is based on a long-term treating relationship with the claimant."[42]  Moreover, Ms. Little did not offer an opinion as to Ms. Lake's functional capacity, but did state that "[t]his client has to be on medication and if she's not, she feels anxious and has suicidal thoughts."[43]  Ms. Little's medical source statement is therefore consistent with the ALJ's finding on this point.  The ALJ did not refuse to consider any medical diagnoses here.  The ALJ simply explained the weight that she was giving to Ms. Little's opinion, as required by the Act.[44]

---

[38] AR at 27.
[39] Newbold v. Colvin, 718 F.3d 1257, 1267 (10th Cir. 2013).
[40] Docket no. 15, at 2.
[41] 20 C.F.R. § 404.1513(a)(1–5).
[42] AR at 27.
[43] AR at 486.
[44] C.F.R. § 404.1527.

Plaintiff states that there is a fourth issue as well.  "The last issue pertains to the guidelines of Social Security.  We want to show that the plaintiff's medical and mental issues match disability listed in the guidelines of Social Security.  She is considered disabled by the DSM V, meeting some of the basic requirements of obtaining SSI.  Besides, her illnesses began prior to the age of 21."  The Court is unclear what specifically the plaintiff takes issue with regarding the guidelines, but construes the argument as being that because plaintiff is considered disabled under the DSM V, she should be considered disabled under the Social Security Act.  However, under the Social Security Act regime, ultimate findings of disability are reserved to the Commissioner.[45]  Therefore, even if Ms. Lake is considered disabled under the DSM V, that does not mean she is disabled under the Act.[46]

## CONCLUSION & RECOMMENDATION

The Court has considered each of Plaintiff's arguments and finds them to be without merit. For the foregoing reasons, the undersigned **HEREBY RECOMMENDS** that the Commissioner's decision in this case be **AFFIRMED**.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[47]  Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to the magistrate judge's report, for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days

---

[45] 20 C.F.R. § 404.1527(d)
[46] Id.
[47] See 28 U.S.C. § 636(b)(1); F.R.C.P. 72(b).

after the filing of the objection.   Failure to object may constitute waiver of objections upon

subsequent review.

DATED this 4 November 2016.


Brooke C. Wells
United States Magistrate Judge